http://www.va.gov/vetapp16/Files5/1641965.txt

Citation Nr: 1641965 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 12-14 244 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois

THE ISSUES

1. Entitlement to service connection for a left knee/leg disability.

2. Entitlement to service connection for a right knee/leg disability.

REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel
INTRODUCTION

The appellant is a Veteran who served on active duty from March 1943 to January 1946. These matters are before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). The case was originally before the Board on appeal from an April 2010 rating decision of the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO) (which reopened and denied service connection for a left knee/leg disability) and from a July 2011 rating decision of the Chicago RO (which, in pertinent part, denied service connection for a right knee/leg disability). In March 2013, a Travel Board hearing was held before the undersigned; a transcript is in the record. After reopening the issue of service connection for a left knee/leg disability and then remanding both issues on a de novo basis for additional development in July 2013, and after seeking an advisory medical opinion from the Veterans Health Administration (VHA) in October 2013, the Board (in a January 2014 decision) denied service connection for a left knee/leg disability and for a right knee/leg disability. The Veteran appealed that decision to the Court. In July 2014, the Court issued an order that vacated the January 2014 Board decision with respect to the denials of service connection for a left knee/leg disability and a right knee/leg disability, and remanded the matters for readjudication consistent with the instructions outlined in a July 2014 Joint Motion for Remand (Joint Motion) by the parties. In October 2014, the case was remanded for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.

REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.
In November 2014, the Veteran submitted a VA Form 21-4142a authorizing VA to secure treatment records from several medical providers, including from Chicago Home Health Care for the dates of April 1, 2013 to April 29, 2013. However, for this medical provider, the Veteran listed the mailing address of a private residence, as well as the phone number for a VA Medical Center. On remand, the Veteran should be asked to provide an updated release form listing accurate contact information for Chicago Home Health Care.

Additionally, on February 2015 VA cold injury and knee/lower leg examinations, the VA examiner (a physician) indicated he reviewed the record ("including previous reviewers' examinations, service records[,] and [VA] clinical records") and noted the Veteran's report that he was exposed to cold in service and his contention that he "has had left leg and knee pain and leg swelling since that time." The VA examiner opined that the Veteran's bilateral leg arthritis was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness (including cold injuries) and "more likely than not that it is due to non service connected injury or natural[ly] a progression of aging in this 90 year old man." The explanation of rationale for the opinion cited to the Veteran's January 1946 service separation examination (which found "normal musculoskeletal, dermatologic[,] and neurologic exams" and made no mention of cold injury); stated that there was "no evidence of ongoing symptoms of or treatment for any cold injuries of knee/leg or knee/leg pains"; and noted that the Veteran had "no numbness or sensory changes of feet or lower legs that may be seen with cold injury" and "no evidence of any knee injury, specifically left knee injury, in [the] service record that would explain his current knee pains." However, the VA examiner did not specifically take into account the Veteran's testimony at his March 2013 hearing when rendering this opinion or the rationale for such, as was required by the Board's October 2014 remand instructions (which were pursuant to instructions outlined in the July 2014 Joint Motion). [Pertinent portions of the Veteran's March 2013 hearing testimony include the following: the Veteran's description of how he injured his knees/legs in active service when he "was out all night long" and "it was so cold"; his testimony that he used "Ben Gay and salve, home remedies" to treat his knee/leg symptoms; and that, after service, he had had some tingling and numbness "in the kneecap mostly" that would come back periodically, he sought medical attention when it worsened in 1975, and it was painful since he left service.] On remand, an addendum VA medical opinion with adequate rationale (as specified below) must be obtained. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Accordingly, the case is REMANDED for the following:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should ask the Veteran to provide updated and valid (fully completed, with accurate contact information) authorizations for VA to secure complete records of any additional (records of which are not already associated with the record) private evaluations or treatment he has received for his claimed disabilities. The AOJ should secure for the record complete records of all such evaluations and treatment from all providers identified, to specifically include from Chicago Home Health Care. If any records requested are unavailable, the reason must be explained for the record, and the Veteran must be so notified. If a private provider does not respond to an AOJ request for records which the Veteran has authorized VA to obtain, he should be so notified, and advised that ultimately it is his responsibility to ensure that private treatment records are received.

2. The AOJ should return the record to the VA examiner who conducted the February 2015 VA cold injury and knee/lower leg examinations for an addendum medical opinion. The examiner must review the entire record (specifically including the Veteran's March 2013 hearing testimony and all additional evidence received pursuant to the development described above), and provide an opinion that responds to the following: Is it at least as likely as not (a 50% or better probability) that any current left and/or right knee/leg disability is related to any incident of the Veteran's military service (to include as due to cold injury therein)?

The examiner must explain the rationale for all opinions, citing to relevant evidence (including the Veteran's March 2013 hearing testimony), supporting factual data, medical literature, and prior medical opinions, as deemed appropriate.

If further examination of the Veteran is deemed necessary to provide any requested opinion, such examination should be arranged. If the February 2015 VA examiner is unavailable, arrangements should be made for the entire record to be reviewed/and the Veteran examined (if need be) by another appropriate medical provider for the opinion sought.

3. The AOJ should then review the record, ensure that all development sought is completed as requested (and arrange for any further development suggested by additional evidence received), and readjudicate the claims seeking service connection for a left knee/leg disability and for a right knee/leg disability. If either remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).